**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GARY E. AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-317-M |
| | ) | |
| TONIA DICKERSON, in her individual capacity, | ) | |
| JIM RABON, in his individual capacity, | ) | |
| STEVE LONGMIRE, in his individual capacity, | ) | |
| ROBERT PATTON, in his individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss and Brief in Support, filed May 27, 2015. On June 17, 2015, plaintiff responded, and on June 24, 2015, defendants replied. Also before the Court is Defendant Jim Rabon's ("Rabon") Motion to Dismiss and Brief in Support, filed June 24, 2015. On July 15, 2015, plaintiff responded, and on July 21, 2015, Rabon replied. Based on the parties' submissions, the Court makes its determination.

I.    Introduction[1]

Plaintiff is a former inmate of the Oklahoma Department of Corrections ("DOC"). In 1993, plaintiff was convicted of burglary of an automobile, and in 1996, he was convicted of escape from a penal institution. Plaintiff was placed on parole, but after violating the terms of his parole he was returned to DOC custody. On February 8, 2008, plaintiff's parole was reinstated; however, plaintiff was not released from DOC custody until August 11, 2008. On August 19,

---

[1] The alleged facts set forth are taken from plaintiff's Complaint.

2010, plaintiff's parole was again revoked, and he was ordered to serve the remaining portion of his prison term concurrently with a prison term he received for a criminal matter in Missouri.

Plaintiff alleges that, on April 26, 2011, defendant Tonia Dickerson ("Dickerson") emailed Rabon regarding the time plaintiff had been credited with between February 8, 2008 and August 11, 2008, which including days served and earned credits, totaled 373 days. Plaintiff alleges that Dickerson and Rabon removed the 373 days from his time served calculation pursuant to DOC policies OP-060211, Sentence Administration, and/or OP-060107, Systems of Incarceration. Plaintiff further alleges that defendant Robert Patton ("Patton"), as Director of DOC, is responsible for the policies and procedures used by defendants Dickerson and Rabon that resulted in the 373 days being removed from his time served calculation. On April 27, 2011, Dickerson sent a memorandum to plaintiff notifying him that the 373 days had been removed.

Plaintiff alleges that between January and March of 2014, he sent multiple Request to Staff forms to employees of DOC regarding his time computation. Plaintiff further alleges that defendant Steven Longmire ("Longmire"), plaintiff's case manager, was aware that the 373 days had been removed, and, further, plaintiff alleges that Longmire told plaintiff that "they were doing him wrong" but did nothing to ensure plaintiff was released timely. *See* Compl. ¶ 30. On May 14, 2014, plaintiff was released from DOC's custody.

Plaintiff claims, pursuant to 42 U.S.C. § 1983, that Dickerson, Longmire, and Rabon, pursuant to Patton's policies and procedures, violated his 8th and 14th Amendment constitutional rights by subjecting him to cruel and unusual punishment and depriving him of liberty by detaining him in DOC custody for 373 days more than his sentence required. Further, plaintiff alleges he was subjected to cruel and unusual punishment and deprived of liberty by remaining detained in DOC custody 373 days more than his sentence required as a result of Patton's

unconstitutional policies, procedures, and/or customs, and Patton's failure to train officers. Defendants now move this Court to dismiss plaintiff's claims, pursuant to Federal Rule of Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

## II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true

and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.    Discussion

Defendants contend that plaintiff's claims are barred by the United States Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). The United Supreme Court in *Heck* held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87.

Further, in instances, such as this case, where plaintiff is no longer incarcerated and, therefore, no longer has access to habeas relief, the Tenth Circuit has held that "[a] plaintiff's inability to obtain habeas relief lifts the *Heck* bar only if that inability is not due to the petitioner's own lack of diligence." *Carbajal v. Hotsenpiller*, 524 F. App'x. 425, 428 (10th Cir. 2013) (unpublished) (citing *Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010) ("A

petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim.")). Defendants contend that plaintiff, while still incarcerated, failed to take the opportunity to address his claims through habeas relief, and, therefore, his lack of diligence has now barred his 42 U.S.C. § 1983 claims. Plaintiff asserts that his claims are not barred by *Heck* because he is not challenging the validity of his sentence just the fact that defendants over detained him beyond the expiration of his court ordered sentence.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true, and construing them in the light most favorable to plaintiff, the Court finds that plaintiff's claims are barred by *Heck.* Specifically, the Court finds that finding in favor of plaintiff, in this instance, would imply the invalidity of his sentence. In his Complaint, plaintiff essentially alleges that 373 days he was credited with for the time he served between February 8, 2008 and August 11, 2008, was not applied to the remaining portion of time he was required to serve after his parole was revoked on August 19, 2010. While plaintiff alleges he did make inquiries into why the 373 days were not applied to his sentence, he did not pursue any action past making those inquiries. Plaintiff had the opportunity, while incarcerated, to seek habeas relief and challenge the removal of the 373 days from his sentence, but he did not. Further, plaintiff has not shown the Court that his sentence has already been invalidated, and by this Court determining that plaintiff was over detained by 373 days, it would essentially be attacking the duration of plaintiff's sentence. *See Anderson v. Bruce*, 28 F. App'x. 786, 788 (10th Cir. 2001) (unpublished) ("claims that challenge the fact of conviction or length of incarceration are not cognizable under section 1983 because a more specific form of legal challenge, habeas corpus, is available for this purpose.").

Therefore, the Court finds that plaintiff's claims should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

IV.    Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss and Brief in Support [docket no. 5] and Defendant Jim Rabon's Motion to Dismiss and Brief in Support [docket no. 9] and DISMISSES this action.

**IT IS SO ORDERED this 30th day of September, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE